IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tracy Todd, | : |
|     Plaintiff | : Civil Action 2:05-cv-1076 |
| v. | : Judge Frost |
| Zanesville Police Department, *et al.*, | : Magistrate Judge Abel |
|     Defendants | |
| | : |

**REPORT AND RECOMMENDATION**

Plaintiff Tracy Todd, a State prisoner, brings this action under 28 U.S.C. §1983 alleging that on November 23, 2003 the defendant Zanesville Police Officers used excessive force to arrest him. This matter is before the Magistrate Judge in accordance the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on Todd's March 29, 2006 motion for a temporary restraining order or protection order (doc. 16).

The motion for a temporary restraining order or protection order alleges that employees of the Noble Correctional Institution are interfering with plaintiff Todd's right of access to the courts. No employees of the Ohio Department of Rehabilitation and Correction are parties to this lawsuit. If Todd believes that employees of the Department are interfering with his right of access to the courts or otherwise denying him a constitutional right, then he should file a grievance with the appropriate prison official. After he has fully exhausted his prison administrative remedies, Todd would be free to file a suit under 42 U.S.C. § 1983 alleging that prison employees had denied him a constitutional right.[1]

---

[1] 42 U.S.C. § 1997e(a) provides that "no action shall be brought with respect to prison conditions under §1983 . . . by a prisoner confined in any . . . prison . . . until

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that plaintiff Todd's March 29, 2006 motion for a temporary restraining order or protection order (doc. 16) be **DENIED.**

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge

---

such administrative remedies as are available are exhausted." Ohio inmates have grievance procedures available under the Ohio Administrative Code §5120-9-31.  A complaint may not be filed in federal court until the prisoner has filed a grievance under Ohio Admin. Code §5120-9-31, the grievance has been acted on, and the prisoner has exhausted all of his administrative appellate rights with respect to the grievance. *Wright v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

2